AUG 16 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTOPHER BURTON, )<br>Plaintiff, )<br>v. )<br> )<br>RECKITT BENKISER GROUP, INC., )<br>Defendant. ) | No. 3:17-CV-1491-M |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

I.

Plaintiff is currently in the Dallas County Jail. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendant is Reckitt Benkiser Group, Inc., which is the manufacturer of the cold and flu medicine Mucinex. The Court has not issued process pending judicial screening.

Plaintiff claims that in January, 2014 he was taking Nyquil and Mucinex which caused him to have a mental break-down. He states Mucinex "gave me a false sense of reality. I thought my girlfriend was God and that I was in heaven." (ECF No. 3 at 5.) During this time, he went to restaurant where the manager accused him of causing a disturbance and called security. He states he was in his truck when a security officer opened the door and pointed a gun at him. He claims that "[a]t this time I thought Armageddon had begun." (*Id.*) He states he fled in his truck, and police officers pursued him. He drove to Oklahoma where he drove through a road

Findings, Conclusions and Recommendation
of the United States Magistrate Judge      Page -1-

block and was apprehended when tire spikes disabled his tires. When he was apprehended in Oklahoma, he told officers he was Jesus Christ. (*Id.*)

In Dallas County, Plaintiff was charged with evading arrest and aggravated assault of a public servant in cause numbers F-1432161 and F-1432162. On February 2, 2017, the trial court found him not guilty by reason of insanity. The court also committed him to a mental hospital for an evaluation. Plaintiff states he is in Dallas County Jail awaiting placement in a mental hospital.

Plaintiff claims that Mucinex caused his psychosis and that Defendant failed to include a sufficient warning on the Mucinex label. He states he "never had any mental problems before taking Mucinex DM," and he has had no mental problems since he stopped taking the medication. (ECF No. 8 at 9.) The Court notes, however, that in another recently filed case Plaintiff states that in 2013, prior to the incidents in this complaint, a doctor diagnosed him as paranoid with delusions and psychosis, and he was placed in Green Oaks mental hospital for two weeks. (*See Burton v. Burton*, No. 3:17-CV-1760-N (N.D. Tex.) ECF No. 3 at 6). Plaintiff seeks money damages and changes to the Mucinex label.

II.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise

a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

III.

Plaintiff claims Defendant failed to properly warn about the effects of taking Mucinex. Under Texas law, Plaintiff's claims based on a failure-to-warn theory are governed by section 82.007 of the Texas Civil Practice and Remedies Code, which provides that a pharmaceutical manufacturer is entitled to a rebuttable presumption that it is not liable for failure to warn if the FDA approved the warnings and information that accompanied the product. Tex. Civ. Prac. & Rem. Code § 82.007(a)(1); *Lofton v. McNeil Consumer & Specialty Pharm.*, 672 F.3d 372, 379 (5th Cir. 2012). That presumption can only be overcome if Plaintiff pleads and proves one of several statutory exceptions, which Plaintiff has failed to plead. Plaintiff's claims should be dismissed.

IV.

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 16 day of August, 2017.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**       Page -3-

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).